1  Michael W. Chen, Esquire
   Nevada Bar No. 7307
2  THE COOPER CASTLE LAW FIRM, LLP
   820 South Valley View Blvd.
3  Las Vegas, NV 89107
   (702) 435-4175/(702) 435 4181 (facsimile)
4
   Attorney for Secured Creditor
5  BRIDGELOCK CAPITAL

6
                  UNITED STATES BANKRUPTCY COURT
7                      DISTRICT OF NEVADA

      In re:
8
            ADALBERTO CANCIO,              CHAPTER 13
9           MARIA A. GUERRERO,            BANKRUPTCY NO.: 07-15249-BAM
                                          DATE:  7/21/08
                        Debtor(s)         TIME:   9:30 a.m.
10

11
   **<u>SECURED CREDITOR'S BRIEF AND WITNESS/DOCUMENT LIST RE:</u>**
12 **<u>EVIDENTIARY HEARING ON OBJECTIONS TO CONFIRMATION OF</u>**
   **<u>PROPOSED CHAPTER 13 PLAN</u>**
13

14      BRIDGELOCK CAPITAL is a Secured Creditor in the above-entitled bankruptcy

15 proceeding and hereby submits the following Brief and Witness/Document List re: Evidentiary

16 Hearing on Objections to the Confirmation of that certain Chapter 13 Plan proposed by Debtors

17 dated September 6, 2007.

18                              **FACTS**

19      1.     The instant bankruptcy case was filed on or about August 22, 2007.  This is the

20 third bankruptcy case filed by the Debtors in this jurisdiction: case no. 02-12434 was filed in

21 March 2002, and case no. 03-23216 was filed in October 2003.

22      2.     On or about October 4, 2007, Secured Creditor filed its proof of claim in the

23 amount of $17,844.71.

24

25

3.      On or about September 6, 2007, the Debtors filed their proposed plan of reorganization, and only proposes to pay this Secured Claimant the amount of $2,085.78 on its claim for pre-petition mortgage arrears.

4.      On or about October 4, 2007, Secured Creditor filed its objection to the proposed plan of reorganization on the failure of the Debtors to accommodate its allowed secured claim. To date, the Debtors have failed to modify the plan of reorganization to accommodate this Secured Creditror's claim in the proper amount.  The parties and Chapter 13 Trustee have sought an evidentiary hearing on the contested confirmation of the proposed Chapter 13 Plan.  This hearing is set for July 21, 2008 at 9:30 am.

## ARGUMENT

Secured Creditor's position is that the full amount of its allowed secured claim must be accommodated by the Debtor in its proposed Chapter 13 Plan of Reorganization before the Court may confirm the same.  Secured Creditor, at this point, is unsure of the Debtors' position in the disputed/contested confirmation hearing and their continued failure to modify the plan of reorganization, and asserts that the clear and unambiguous operation of the United States Bankruptcy Code mandates denial of confirmation of the plan as proposed unless the Debtors accommodate the claim of this objecting creditor in full.

11 U.S.C. Sec. 1325 (the relevant portions to the instant dispute) provides for the requirements necessary for the confirmation of a debtor's plan of reorganization:

Sec. 1325.      Confirmation of plan
    (a) Except as provided in subsection (b), the court shall confirm a plan if –
        (5)  with respect to each allowed secured claim provided for by the plan –
                (A)      the holder of such claim has accepted the plan;
                (B) (i) the plan provides that –
                        (I)      holder of such claim retain the lien securing such claim
                                until the earlier of –

(aa) the payment of the underlying debt determined under nonbankruptcy law; or

(bb) discharge under section 1328; and

(II)    if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(i)    the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(ii)    if-

(I)    property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly payment amounts; and

(II)    the holder of such claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder;

As paragraph 5 clearly indicates, the plan may not be confirmed by this Court unless the Debtor's plan makes distribution in an amount "not less than the allowed amount of such [creditor's] claim."

In this case, Secured Creditor's claim (in the total amount of $17,844.71) is indeed an 1) "allowed" and 2) "secured claim" for purposes of 11 U.S.C. Sec. 1325(a)(5).

11 U.S.C. Sec. 101 (relevant portions only) defines a "secured claim":

Sec. 101.    Definitions

In this title—

(5) "claim" means --

1

2

          (B)      a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated , fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;

(37) "lien" means a charge against or interest in property to secure payment of a debt or performance of an obligation;

3

(51) "security interest" means lien created by an agreement;

4

5

In the case at hand, this creditor indeed holds a claim for payment by the Debtor for which "a

6

charge against or interest in property" secures performace of that payment obligation.  A copy of

7

the subject security agreement and deed of trust demonstrating perfection of the security interest

8

was attached to Secured Creditor's proof of claim dated October 4, 2007.  The claim herein is

9

indeed a "secured claim" pursuant to 11 U.S.C. Sec. 101.

10

      Furthermore, this Secured Creditor's claim is "allowed," as the Debtor has failed to

11

object to the same pursuant to 11 U.S.C. Sec. 502.

12

Sec. 502.      Allowance of claims of interests

13

14

(a)  A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

15

16

In this case, the Debtor has not objected to the proof of claim dated October 4, 2007 filed by

17

Bridgelock Capital.  As such the claim is deemed "allowed" in its entirety pursuant to 11 U.S.C.

18

Sec. 502.

19

      Accordingly, this Creditor's claim falls within the purview of 11 U.S.C. Sec.

20

1325(a)(5)(B), and the Debtor's plan of reorganization must accommodate Secured Creditor's

21

allowed claim in its entirety.  The statutory mandate for the full accommodation of Secured

22

Creditor's allowed claim is unambiguous, and "where the words of the statute are clear, the

23

court's inquiry begins and ends there."  US v. Ron Pair Enterprises, 489 U.S. 235, 241 (1989).

24

The Debtor's plan, as proposed, may not be confirmed.

25

**WITNESS LIST**

1.    Scott Sawyer,  PMK Peak Financial Services, servicer for Bridgelock Capital, c/o

THE COOPER CASTLE LAW FIRM, LLP, 820 S. Valley View Blvd., Las Vegas, NV 89107.

2.    Adalberto Cancio, Maria A. Guerrero, Debtors, c/o Terry Leavitt, Esq., 601 S. 6th

St., Las Vegas, NV 89101.

3.    Any and all witnesses that will be called by the Debtors herein.

**DOCUMENTS LIST**

1.    Proposed Chapter 13 Plan of Reorganization dated September 6, 2007.

2.    Proof of Claim of Bridgelock Capital dated October 4, 2007.

3.    Objection to Confirmation of  Debtors' Plan of Reorganization dated October 4,

2007.

4.    Proof of Claim of Wilshire Credit Corp. dated April 15, 2002 (case no. 02-12434).

5.    Objection to Confirmation by Wilshire Credit Corp. dated May 3, 3002. (case no.

02-12434).

6.    Proof of Claim of Rescomm Holdings dated July 19, 2004 (case no. 03-23216).

7.    Motion for Relief dated October 12, 2004 filed by Rescomm Holdings (case no.

03-23216).

8.    Payment histor(ies) on the subject loan spanning March 1996 thru September

2007.

9.    Court dockets for bankruptcy case nos. 02-12434 and 03-23216.

/ / /

1        10.    Any and all documents filed herein as indicated on the docket for case no. 07-

2    15249.

3    Date: 7/7/08

4

5    Michael W. Chen, Esquire
     Nevada Bar No.7307

6    THE COOPER CASTLE LAW FIRM, LLP
     Attorney for Bridgelock Capital

7    820 South Valley View Blvd.
     Las Vegas, NV 89107

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1 | Michael W. Chen, Esquire
Nevada Bar No. 7307
2 | THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd.
3 | Las Vegas, NV 89107
(702) 435-4175/(702) 435 4181 (facsimile)
4 |
Attorney for Secured Creditor
5 | BRIDGELOCK CAPITAL

6 |                    UNITED STATES BANKRUPTCY COURT
                              DISTRICT OF NEVADA
7 |

8 |    In re:

9 |            ADALBERTO CANCIO,               CHAPTER 13
              MARIA A. GUERRERO,               BANKRUPTCY NO.: 07-15249-BAM
10 |                                            Date:  7/21/08
                     Debtor(s)                  Time:  9:30 a.m.
11 |                                            MOTION NO.:

12 |    **DECLARATION OF MAILING OF SECURED CREDITORS BRIEF AND
WITNESS/DOCUMENTS LIST RE: EVIDENTIARY HEARING ON OBJECTIONS TO
13 |    CONFIRMATION OF PROPOSED CHAPTER 13 PLAN**

14 |        The undersigned hereby declares and certifies that on ___7/7/___, 2008 a copy of
the Secured Creditors BRIEF AND WITNESS/DOCUMENTS LIST RE: EVIDENTIARY
15 |    HEARING ON OBJECTIONS TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN
was served on the following parties by depositing a copy of the same in the United States Mail,
16 |    postage prepaid and addressed to:

17 |
        Terry Leavitt, Esq.                    Rick A. Yarnall
18 |    601 S. 6th St.                          701 E. Bridger Ave. #820
        Las Vegas, NV 89101                    Las Vegas, NV 89101
19 |
        Adalberto Cancio, Maria A. Guerrero
20 |    1101 Cold Harbor Dr.
        N. Las Vegas, NV 89030
21 |

22 |    I declare under penalty of perjury that the foregoing is true and correct.

23 |                                _____
24 |                                An employee of THE COOPER CASTLE LAW FIRM, LLP

25 |